**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL DEEMS, on his own behalf
and others similarly situated,

      Plaintiff,

v.                                 Case No:   3:13-cv-323-J-32MCR

ALLSTAR ANIMAL REMOVAL, INC.,
a Florida Corporation and BRYAN
SWANSON, individually,

      Defendants.

_____

## O R D E R

    Plaintiff moved for conditional certification of a collective action under the FLSA and requested a Court Order directing Defendants to provide a list of persons they employed at any time between June 23, 2009 and the present. (Doc. 20). The Court conditionally certified the class and directed the production of the list of employees. (Doc. 30 at 2).

    Defendants have still yet to appear in this case, except through notice of appearance of counsel (Doc. 22), who filed a motion for extension of time (Doc. 24), then promptly withdrew (Doc. 25). Faced with Defendants who have declined to respond, the Court directed Plaintiff to instruct the Court as to how he wishes to proceed with the case. (Doc. 44). Plaintiff seeks incarceration of Defendant Bryan Swanson until such time as he provides the list of employees. (Doc. 45). Plaintiff also requests that the Court permit a bifurcated default judgment process whereby it

grants default judgment for those plaintiffs currently in the case, but reserves jurisdiction to adjudicate the claims of any other potential class member that should opt in. (Doc. 45 at 2).

At least one court has required a defendant to provide contact information for individuals within the definition of an FLSA collective action even though the defendant has failed to appear. Cortes v. Astoria NY Holdings LLC, No. 11-CV-3062 SJ, 2011 WL 5964598, at *3 (E.D.N.Y. Oct. 24, 2011). Nevertheless, the Court believes that Defendants' failure to appear renders them non-parties for the purposes of discovery. See Conair Corp. v. K & A Beauty, LLC, No. 6:14-CV-920-ORL-41, 2014 WL 4385635, at *6 (M.D. Fla. Sept. 4, 2014) (treating a non-appearing defendant as a non-party for discovery purposes); Finkel v. S.I. Associates Co., No. CV 2009-5329 ILG MDG, 2012 WL 2117888, at *1 (E.D.N.Y. June 11, 2012) (same); see also Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360, 361-62 (E.D. Wis. 2004) (treating a defaulted defendant like a non-party for discovery purposes). The Court therefore declines to sanction Defendants for failing to respond to the Court's Order requiring the production of contact information for potential class members, and finds that the appropriate means for Plaintiff to seek Defendants' records is through the use of a subpoena.

Plaintiff has two ways in which he can proceed. First, he can seek to obtain Defendants' records in the same way in which he would seek discovery from a non-party. Once he receives those records and properly serves Defendants, he may move for default, if appropriate. Second, he can seek default judgment as to those plaintiffs

who are already parties to the case. In doing so, Plaintiff should be mindful of authority regarding the proper procedure for obtaining a default judgment in an FLSA collective action. See, e.g., Charvac v. M & T Project Managers of New York, Inc., No. 12-CV-05637 CBA RER, 2013 WL 6711485, at *3 (E.D.N.Y. Dec. 18, 2013), James v. Claiborne, No. CIV.A. 07-1570, 2009 WL 994951, at *5 (W.D. La. Apr. 13, 2009), Lopez v. NTI, LLC, No. CIV. A. DKC2008-1579, 2008 WL 5120542 (D. Md. Dec. 4, 2008).

Accordingly, it is hereby

**ORDERED:**

The Order to Show Cause (Doc. 43) is **DISCHARGED**. Plaintiff has leave to amend his complaint if he so chooses.

**DONE AND ORDERED** in Jacksonville, Florida the 15th day of December, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Counsel of record

Honorable Monte C. Richardson
United States Magistrate Judge

AllStar Animal Removal, Inc.
204 37th Avenue North, Suite 241
St. Petersburg, FL 33704

Bryan Swanson
204 37th Avenue North, Suite 241

St. Petersburg, FL 33704